UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE GARRETT, | ) 5:11CV2638 |
| | ) |
| Petitioner | ) JUDGE DONALD NUGENT |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| MICHELLE MILLER, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Jamie Garrett ("Garrett") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2010 convictions for menacing by stalking and violating a protective order in the Stark County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Garrett sets forth three grounds for relief:

    1. Due process was violated when trial court erred in the manifest weight of the evidence by imposing maximum sentence.

    2. Denial of an effective trial court defense counsel that failed to raise defenses at revocation hearing.

    3. Denial of an effective assistance of appellate counsel for failing to raise certain trial court errors on direct appeal.

(Doc. 1, § 12.)

The respondent has filed a motion to dismiss. (Doc. 8.)  Garrett has not filed an opposition to the motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On February 4, 2010, Appellant Jamie Garrett was indicted on one count of menacing by stalking, in violation of R.C. § 2903.21(A)(1)(B) and/or (C), a fourth degree felony, and seven counts of violating a protection order, in violation of R.C. § 2919.27(A)(1), felonies of the fifth degree.
>
> On March 8, 2010, Appellant entered a plea of guilty as charged.
>
> On April 5, 2010, following a pre-sentence investigation, the trial court sentenced Appellant to a three-year period of community control, with the first year to be served in the intensive supervision program.FN1 The conditions of Appellant's community control included, inter alia, a prohibition from using alcohol, no contact with anyone with a criminal record and instructions to follow all written and verbal orders of his supervising officer.  Appellant was also ordered to secure the permission of his supervising officer before traveling outside of Stark County.  The trial court reserved a 94 month prison sentence in the event that Appellant failed to comply with the terms and conditions of his community control.
>
> > FN1. Conditions of Appellant's intensive supervision included that Appellant spend the first 30 days on GPS house arrest and further comply with the Day Reporting program.
>
> On June 7, 2010, a motion to revoke or modify Appellant's community control was filed by his supervising officer.
>
> On June 30, 2010, a hearing was held on the motion to revoke.  At the hearing, the trial court heard testimony from Arlune Culler, Appellant's supervising officer.  Culler stated that Appellant violated the terms of his community control by continuing to consume alcohol, associating with a convicted felon, even after being told to cease such contact, and for violating his GPS monitoring.  She further testified that she had provided Appellant with a re-lapse prevention plan after

> he had self-reported alcohol use but that he failed to meet the goals of such plan which included Day Reporting, AA meetings and house arrest. Additionally, Culler personally observed beer cans in Appellant's trash on a number of occasions.
>
> Appellant presented no testimony or evidence.
>
> The trial court, based on the above, found that Appellant had violated the terms and conditions of his community control and imposed the previously suspended 94–month prison sentence.

(Doc. 8, RX 11, at 2-3; State v. Garrett, No. 2010-CA-00210, 2011 WL 590752, at *1 (Ohio Ct. App. Feb. 14, 2011).)

Garrett filed a timely appeal of his sentencing, and raised a sole assignment of error: "The trial court abused its discretion in sentencing appellant to the maximum sentence of ninety-four months." (Doc. 8, RX 8.) On Feb. 14, 2011, the court of appeals affirmed the judgment of the trial court. (Doc. 8, RX 11; Garrett, 2011 WL 590752.)

Garrett did not file a timely appeal to the Supreme Court of Ohio, but on April 25, 2011, he filed a motion for leave to file a delayed appeal to that court. (Doc. 8, RX 13.) The court denied leave to file a delayed appeal, and dismissed the case. (Doc. 8, RX 14; State v. Garrett, 128 Ohio St.3d 1513, 948 N.E.2d 449 (2011).)

On May 4, 2011, Garrett filed a motion for enlargement of time to file a Rule 26(B) application, and on June 21, he filed a delayed Rule 26(B) application to reopen his appeal. (Doc. 8, RX 15-16.) The court of appeals denied Garrett's

3

motions, finding that he had failed to show good cause for a late filing. (Doc. 8, RX 17.)

Garrett appealed the denial to the state high court, which dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, RX 18-20.)

Finally, Garrett filed a Motion for Relief from Sentencing Judgment, under Civil Rule 60(B). (Doc. 8, RX 21.) The trial court denied the motion, finding that Civil Rule 60(B) had no application to a criminal case. (Doc. 8, RX 22.)

Next, Garrett filed this timely writ for a petition of habeas corpus. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas

> court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Garrett has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly

5

established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III. SENTENCING

The first ground of the petition alleges a due process violation in the court's imposition of the maximum sentence. Garrett argues that the trial court was "judicially required to be guided by statutory provision [Ohio Rev. Code §] 2929.12 to which shall consider the factors to determine the imposition of a prison sentence without a judge possessing an unconstitutional discretion...." (Doc. 1, § 12.)

The respondent contends that this claim "lies beyond the scope of federal habeas review as it involves the application of a state statute and state case law." (Doc. 8, at 8.)

A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Terry v. Trippett, 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir. 1995) (TABLE, text in WESTLAW) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam). Federal habeas relief is not available for a claimed error of state law. Lewis, 497 U.S. at 780; Howard, 2003 WL 22146139, at *2.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam). Garrett has not established that the state court decision regarding his sentencing was contrary to, or involved an unreasonable application of, clearly established federal law.

The petition cannot be granted on the basis of the first ground.

IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The second ground of the petition is ineffective assistance of trial counsel. Garrett contends that his counsel failed to produce rebuttal evidence to the state's evidence of probation violations. (Doc. 1, § 12.)

The respondent argues that Garrett has failed to exhaust this claim, and it should be dismissed as procedurally defaulted. (Doc. 8, at 16-18.)

Garrett was represented by the same counsel at his revocation hearing (doc. 8, RX 6), as on direct appeal (doc. 8, RX 8). Under Ohio law, claims of ineffective assistance of trial counsel where the defendant was represented on appeal by the same attorney who represented him in the trial court must be raised in a post-conviction petition pursuant to Ohio Rev. Code § 2953.21. Stojetz v. Ishee, 389 F.Supp.2d 858, 881-882 (S.D. Ohio 2005) (citing State v. Cole, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982)).

The time for filing such a petition expired 180 days after the trial transcript was filed in the direct appeal.  Ohio Rev. Code § 2953.21(A)(2).  Where a post-conviction petition is filed beyond the 180-day time limitation, Section  2953.23(A) precludes the trial court from entertaining the petition, except in the cases of two exceptions which do not apply to Garrett's petition.  Ohio Rev. Code § 2953.23(A).

The allegations of the petition would not support a finding that Garrett was unavoidably prevented from discovering facts upon which the claim is premised (i.e., counsel failed to produce rebuttal evidence), nor does he allege a new right recognized by the U.S. Supreme Court which would apply retroactively to his case.  In addition, to have the state court consider his postconviction petition, Garrett would have to demonstrate by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty.  See, e.g., State v. Sisson, No. 23807, 2011 WL 281134, at *3 (Ohio Ct. App. Jan. 14, 2011); State v. Perry, No. 2003-T-0048, 2004 WL 1433644, at *2 (Ohio Ct. App. June 25, 2004) (citing Ohio Rev. Code § 2953.23(A)).

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).  Here, Garrett failed to raise the claim in the

8

proper state forum at the proper time. Under state law, he is now barred from doing so. Ohio Rev. Code § 2953.23(A).

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." Williams, 460 F.3d at 806 (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)). Where state court remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. Id. Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Id. at 807.

Garrett did not respond to the motion to dismiss, thus no cause has been shown, and the claim is procedurally defaulted. The petition cannot be granted on the basis of the second ground.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The third ground of the petition is ineffective assistance of appellate counsel. In support of this claim, Garrett states:

> The court of appeals denied the right of an effective appellate counsel that failed to raise errors on direct appeal required the court of appeals to allow the Appellate Rule 26(B) reopening of appeal where errors to move for suppression of the State's disclosed evidence based only on the probation office's hearsay testimony.

(Doc. 1, § 12.)

The respondent argues that the third ground has been procedurally defaulted because the court of appeals denied Garrett's Rule 26(B) application as untimely. (Doc. 8, at 18-19.)

9

As mentioned above, a habeas claim may be procedurally defaulted by failing to comply with state procedural rules. Williams, 460 F.3d at 806; Maupin, 785 F.2d at 138. Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 103 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the

10

petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002) (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). Garrett did not file a timely motion to re-open.

Garrett filed a motion for enlargement of time to file his Rule 26(B) application, then filed a delayed Rule 26(B) application to reopen his appeal on Jun 21, 2011. (Doc. 8, RX 15-16.) The court of appeals denied Garrett's motions, finding that he had failed to show good cause for a late filing. (Doc. 8, RX 17.)

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Garrett's claim, and the state court found that Garrett failed to comply with the

timely-filing provision. The state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that this is an adequate state procedural ground. Smith v. Ohio, Dept. of Rehab. & Corr., 463 F.3d 426, 436 n.7 (6th Cir. 2006); Monzo, 281 F.3d at 577-578.

Any ineffective-assistance claims that Garrett could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata. Jacobs, 265 F.3d at 417; Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001); State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (syllabus, ¶9). If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice. Engle, 456 U.S. at 129; Wainwright, 433 U.S. at 86-87.

Application of the Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Garrett did not respond to the motion to dismiss, thus no cause has been shown, and the claim is procedurally defaulted. The petition cannot be granted on the basis of the third ground.

12

SUMMARY

The motion to dismiss the petition (doc. 8) should be granted. As to the first ground, a challenge to the state court's application of Ohio's sentencing laws is not cognizable in a federal habeas action. The second and third grounds are procedurally defaulted.

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be dismissed.

Dated:  Aug. 13, 2012              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).